IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE SWOGGER,

                Plaintiff,                Case No. 3:08 CV 2796

-vs-

                                        <u>MEMORANDUM  OPINION</u>

RICHARD HALL,

                Defendant.

KATZ, J.

This case involves Petitioner George Swogger's *pro se* petition for writ of habeas corpus. This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Vernelis K. Armstrong (Doc. 14), and Petitioner's objections to the R&R (Doc. 17). The Magistrate Judge recommends that the Court deny Petitioner's petition for writ fo habeas corpus (Doc. 14 at 9). For the reasons below, the Court adopts the Magistrate's R&R in full. Petitioner's writ for habeas relief is hereby denied.

**I. Background**

The court hereby adopts the Magistrate's description of the facts and procedure of this case as provided in the R&R, and as follows:

> I. FACTUAL BACKGROUND
> In State of Ohio v. George Swogger, 2006 WL 3365408, *1 (2006), the Court of Appeals for the Fifth Appellate District made the following statements of fact.
>> {¶ 2} On the evening of September 22, 2005, Officer Lester Marino of the Canton Police Department was standing near his cruiser outside the headquarters entrance behind Canton City Hall. Marino observed a1986 Chevrolet Astro van drive by on Third Street S. W. As the vehicle proceeded past him, he heard the driver call out a lewd question to a female pedestrian who was exiting a nearby law office. Marino decided to follow the van in his cruiser. He soon observed the van run a red light, following which the vehicle came to a stop near Third Street and Walnut Avenue S. E.

{¶ 3}  Marino thereupon saw Petitioner move to the back seat. Following the arrival of a back-up officer, Petitioner was removed from the vehicle.  Marino observed that Petitioner appeared intoxicated. Marino also ran a check on Petitioner's driver's license and determined it had been suspended.  He also discovered the van's plates were registered to another vehicle.

{¶ 4}  Petitioner was thereupon charged with operating a motor vehicle under an FRA suspension, illegal use of license plates, and disobeying a traffic control device, all in violation of the Canton Codified Ordinances.  The matter proceeded to a jury trial on November 2, 2005 on the charge of operating under an FRA suspension and illegal use of plates.  The jury found Petitioner guilty on the former charge, but not guilty on the latter.  The court sentenced Petitioner 180 days in jail plus court costs, and further suspended his license for 365 days.  In addition, the court conducted a bench trial on the traffic control device charge, resulting ina guilty finding and a sentence of court costs.

In State v. George Swogger, 2008 WL 2571862, *1 (2008), the Court of Appeals for the Fifth Appellate District made the following statements of fact.

{¶ 2}  On June 19, 2006, Petitioner appeared with counsel before the trial court and entered written guilty pleas on three counts of felony breaking and entering (R.C. 2911.13(A)).  Before accepting the pleas, the trial court advised Petitioner that the range of imprisonment for each offense was six to twelve months, and that the terms could run consecutively.  The trial court also advised Petitioner that the court could revoke probation/community control and impose imprisonment should Petitioner violate his probation terms.  The trial court specifically reminded Petitioner that if revocation was the appropriate remedy, Petitioner would be given three 12-month terms, to run consecutively.

{¶ 3}  On July 24, 2006, following the completion of a pre-sentence investigation report, Petitioner appeared with counsel for a sentencing hearing.  The trial court placed Petitioner on probation/community control, again advising him that the court could revoke probation if Petitioner were to violate the terms thereof. The court again reminded Petitioner that if probation were revoked, the court would sentence Petitioner to twelve months on each count of breaking and entering, with the terms running consecutively.  When asked if he understood, Petitioner responded in the affirmative.

{¶ 4}  The terms of possible sentencing in the event of future probation violations were journalized in a judgment entry filed July 27, 2006; however, said judgment entry incorrectly stated the potential term of imprisonment as seventeen months, rather than

thirty-six months (i.e., twelve months times three counts). The court issued a nunc pro tunc sentencing entry on December 20, 2006; however, the reference to seventeen months was left uncorrected.
{¶ 5} On June 28, 2007, Petitioner's probation officer filed a motion to revoke probation/community control. The trial court set an evidentiary hearing for July 3, 2007. At that time, Petitioner stipulated to a violation. However, Petitioner's new counsel raised the issue regarding the seventeen-month sentence. The trial court reviewed the transcript of the original sentencing hearing and determined that thirty-six months had been reserved on the oral record. On July 3, 2007, the trial court issued a nunc pro tunc entry reflecting the thirty-six-month period. On July 10, 2007, the trial court filed a judgment entry imposing a twelve-month prison term on each of the three breaking and entering counts, thus ordering Petitioner to prison for thirty-six months.

## II. PROCEDURAL BACKGROUND

On May 19, 2006, the Stark County, Ohio, grand jury issued a three count indictment charging Petitioner with breaking and entering (B&E), in violation of OHIO REV. CODE §§ 2913.01 and 2913.01(A)(Docket No. 6, Exhibit 1). Petitioner withdrew his not guilty plea and on June 19, 2006, entered a plea of guilty (Docket No. 6, Exhibits 3, 4, 5 & 22). On July 24, 2006, Petitioner was sentenced to four years of community control (Docket No. 6, Exhibits 3, 4, 5 & 23). A motion to revoke probation was filed on June 28, 2007 in the court of common pleas for Stark County, Ohio (Docket No. 6, Exhibit 6). An evidentiary hearing was conducted on July 3, 2007 (Docket No. 6, Exhibit 21). On July 10, 2007, community control was revoked(Docket No. 6, Exhibit 8). Petitioner was sentenced to twelve months, each, on all three counts of B&E. The sentence was to be served consecutively for a total term of 36 months (Docket No. 6, Exhibit 7).

Petitioner filed a notice of appeal on or about July 20, 2007[3] (Docket No. 6, Exhibit 10). The Court of Appeals for the Fifth Appellate District affirmed the trial court's judgment on May 28, 2008 (Docket No.6, Exhibit 15). Petitioner filed a motion for reconsideration on June 10, 2008 (Docket No. 6, Exhibit 16). The Court of Appeals denied the motion on July 11, 2008 (Docket No. 6, Exhibit 17).

Petitioner filed a notice of appeal in the Ohio Supreme Court on July 8, 2008[4] (Docket No. 6, Exhibit18). Chief Justice Thomas J. Moyer denied leave to appal and dismissed the appeal on October 29, 2008(Docket No. 6, Exhibit 20).

**II. Jurisdiction**

3

The AEDPA permits jurisdiction to a federal court to consider a petition for a writ of habeas corpus only when the state court's adjudication of a person placed the person "in custody in violation of the Constitution or laws or treaties of the United States."  § 2254(a).  Here, Petitioner is in custody of the Richland Correctional Institution in Mansfield, Ohio.  (Doc. 1).  Also, Petitioner alleges that the trial court violated his rights under the Sixth and Fourteenth Amendments of the United States Constitution.  Therefore, the AEDPA provides jurisdiction to this Court to issue a habeas writ.

### III. Standard of Review

The AEDPA governs federal habeas corpus when the state court adjudicates the claims on the merits.  § 2254(d).  The AEDPA establishes two ways in which a federal court may issue a writ.  First, a federal court may issue a writ if the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States."  § 2254(d)(1).  Second, a federal court may issue a writ if the state court's decision resulted in an unreasonable determination of facts.  § 2254(d)(2).

Under section 2254(d)(1), the term "clearly established federal law" refers to the Supreme Court's holdings.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A state courts' decision is "contrary to" the Supreme Court when either the decision contradicts the Supreme Court's holdings or it "'confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from this precedent.'"  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam).  A state court's decision unreasonably applies Supreme Court holdings "'if the state court identifies the correct governing legal principle from the Supreme Court but unreasonably

applies that principle to the facts' of petitioner's case." *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)).

## IV. Discussion

The Magistrate's R&R recommends that the Court deny Swogger's petition for writ of habeas corpus. (Doc. 16). Petitioner objects to the R&R which states that Petitioner is barred from asserting claims that he was denied due process when the trial court failed to abide by sentencing guidelines regarding post-release control and that he was denied the effective assistance of appellate counsel. The R&R states that Petitioner procedurally defaulted these claims under the doctrine of exhaustion, because he did not present said claims to the state court before seeking relief from the federal courts. Doc. 14, at 7. Petitioner objects to the R&R's statement that Petitioner procedurally defaulted these claims, asserting the following:

> There is no dispute, the doctrine of exhaustion of state remedies requires the Petitioner to adequately present their *claims* to the state courts before seeking relief from the federal courts. Also, it is axiomatic, the time for AEDPA statute of limitations clock does not start until 90 days after the Petitioner obtains a final order in the state courts. 28 USC 2244(d). The Magistrate Judge erred when the merits where addressed without a final order issued by the state court; therefore, the Petitioner has not satisfied the exhaustion doctrine in the case at bar. Doc. 17 at 2.

Petitioner argues that the judgment rendered by the state trial court was void on the grounds that the nunc pro tunc orders filed after the original judgment entry, one of which corrected the typographical error in the sentencing order, were unsigned. He then asserts that void judgments are not subject to time constrictions, and that his AEDPA statute of limitations had thereby not run. Even if this Court were to accept as true Petitioner's claim that the state court's judgment was not a final order and thereby void, the Petitioner still must challenge the judgment on appeal in order to exhaust his state court options. It is well established in Ohio, as the R&R points out,

that an error in sentencing is reviewable on appeal to the state court. *Walker v. Maxwell*, 1 Ohio St. 23 136, 138, 205 N.E. 2d 394, 396 (1965).

Petitioner alleges that "Article IV, Section 3 of the Ohio Constitution prohibits a court of appeal to invoke subject matter jurisdiction when a final order is issued pursuant to Ohio Criminal Rule 32." Doc. 17, at 3. Petitioner asserts that because the nunc pro tunc orders modifying the judgment entered by the state court were left unsigned, the judgment is ineffectual. Though the judgment entry included a typographical (and harmless) error when entered by the clerk, the original judgment was signed by the state court judge and entered onto the record and is thereby valid. Even if the Petitioner chose to pursue this vein of argument, he is required to appeal the original judgment in state court. Furthermore, the applicable section of the Ohio Constitution grants courts of appeals jurisdiction to review judgments or final orders of inferior courts within the same district, with only one exception - in cases where a death sentence is imposed. Ohio Const. art. 3, § 4, cl. 2.

This Court finds, on *de novo* review of Petitioner's objections to the Magistrate Judge's R&R, that Petitioner has not exhausted the remedies available to him in state court. Even if the AEDPA statute of limitations has not run, as Petitioner alleges, Petitioner must still directly appeal the trial court's judgment in state court before petitioning the federal court for a writ of habeas corpus.

**V. Conclusion**

For the above stated reasons, the findings and recommendations of the Magistrate Judge are well taken and Petitioner has not exhausted his available remedies in state court before filing this petition in federal court. The Petition for writ of habeas corpus is denied. Furthermore, the

Court has determined <u>sua</u> <u>sponte</u> that no certificate of probable cause should issue in this case as any appeal would lack substantial merit.

      IT IS SO ORDERED.

                                                                                             s/ *David A. Katz*
                                                                          DAVID A. KATZ
                                                                          U. S. DISTRICT JUDGE